## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GE BUSINESS FINANCIAL SERVICES INC., f/k/a MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM OBEID, CHRISTOPHER LAMACK, DANTE MASSARO, and ATIT JARIWALA, <br><br> Defendants. | ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) ) ) |

## COMPLAINT

GE Business Financial Services Inc., f/k/a Merrill Lynch Business Financial Services Inc. ("*GEBFS*"), by its attorneys, and for its Complaint against defendants William Obeid, Christopher LaMack, Dante Massaro, and Atit Jariwala (collectively "*Defendants*"), alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. GEBFS is a Delaware corporation with its principal place of business in Chicago, Illinois. GEBFS is thus a citizen of Delaware and Illinois. *See* 28 U.S.C. §1332(c)(1).

2. Defendant William Obeid ("*Obeid*") is an individual and a citizen of New York.

3. Defendant Christopher LaMack ("*LaMack*") is an individual and a citizen of North Carolina.

4. Defendant Dante Massaro ("*Massaro*") is an individual and a citizen of North Carolina.

5. Defendant Atit Jariwala ("*Jariwala*") is an individual and a citizen of New York.

6. This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. §1332(a) because this is an action for damages in excess of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

7. Pursuant to 28 U.S.C. §1391(a)(2), venue is proper in the Northern District of Illinois because the complained-of conduct in part occurred within the district. In addition, GEBFS and Defendants agreed to the non-exclusive jurisdiction of the state and federal courts having jurisdiction in the City of Chicago, County of Cook, and the State of Illinois for any action arising out of the Limited Joinder at issue in this case.

## FACTUAL ALLEGATIONS

### A. The Secured and Guaranteed Indebtedness

8. On or about February 14, 2007, Gemini Youngsville Crossing, LLC ("*Gemini*") entered into a loan agreement ("*Original Loan Agreement*") with GEBFS, whereby GEBFS agreed to make a loan (the "*Loan*") to Gemini in an original principal amount of $17,825,000 for a shopping center development known as Youngsville Crossing and located in Franklin County, North Carolina (the "*Project*"). A copy of the Original Loan Agreement is attached as Exhibit 1. The Original Loan Agreement was modified by that certain Amendatory Agreement dated as of November 12, 2009, executed by Gemini and GEBFS (the "*Amendatory Agreement*"; the Original Loan Agreement as amended by the Amendatory Agreement is the "*Loan Agreement*"). A copy of the Amendatory Agreement is attached as Exhibit 2.

9. In connection with the Loan, Gemini executed a Promissory Note, dated February 14, 2007, in the original principal amount of $15,014,486.00, as amended or modified (the "*A Note*"), and a Promissory Note, dated February 14, 2007, in the original principal amount of $2,810,514.00, as amended or modified (the "*B Note*") (the A Note and the B Note are

collectively, the "*Notes*"). Copies of the A Note and B Note are attached as Exhibits 3 and 4, respectively.

10. In order to induce GEBFS to make the Loan, contemporaneously with the execution of the Loan Agreement and the Notes, Defendants each executed the Limited Joinder. A copy of the Limited Joinder is attached to and incorporated by reference into the Loan Agreement (Exhibit A). Pursuant to the terms of the Limited Joinder, Defendants each guaranteed certain payment and performance obligations (the "*Retained Liabilities*"), including (i) the full and complete payment of losses, damages, causes of actions, suits and all Expenses (as defined in the Loan Agreement) incurred by GEBFS as a result of Gemini taking or failing to take certain actions more particularly described in Section 1(a) of the Limited Joinder, including, but not limited to, the failure during the continuance of any default to apply any portion of the revenue of the Project to the Loan as required per the Loan Agreement and the misapplication, misappropriation or conversion of any rents, proceeds or funds deriving from the Project; (ii) the full and complete repayment of the Loan and the Exit Fee (as defined in the Loan Agreement), all costs and expenses of GEBFS and all other obligations of Gemini under the Loan Agreement and related documents in the event that Gemini breaches certain covenants of Gemini under the Loan Agreement more particularly described in Section 1(b) of the Limited Joinder or files for relief under any federal or state bankruptcy, insolvency or receivership laws; (iii) repayment of the Guaranteed Amount (as defined in the Loan Agreement) of $3,565,000.00, unless, within eighteen months from and after the Closing Date (as defined in the Loan Agreement), (A) Leases (as defined in the Loan Agreement) for an aggregate of 48% of the net rentable square footage of the Project were entered into, and (B) GEBFS received not less than $5,623,723.00 from the sale of Release Parcels (as defined in the Loan Agreement) pursuant to the terms of the Loan

Agreement (the "Guaranteed Amount Termination Conditions"); and (iv) repayment of the Loan, until such time as the Building Permits (as defined in the Loan Agreement) have been obtained.

11. The Guaranteed Termination Conditions were not satisfied within eighteen months from and after the Closing Date.

12. GEBFS is the owner and holder of, and is in possession of, the Loan Agreement and the Notes.

**B. Gemini's Default**

13. Gemini defaulted under the Loan Agreement by failing to pay the installment due under the Notes on January 1, 2010. Notice of this default was provided to Gemini and Defendants by letter dated January 19, 2010. Gemini further defaulted under the Loan Agreement by failing to pay the installments due under the Notes on February 1, 2010. As a result of Gemini's failure to pay amounts owed under the Loan Agreement, Events of Default (as defined in the Loan Agreement) occurred and are continuing.

14. As a result of these Events of Default, GEBFS accelerated the maturity date of the Notes and declared all sums due under the Gemini Loan documents, including, but not limited to, principal, interest and default interest (which continue to accrue), and late fees due and payable. Notice of acceleration and demand for payment was made to Gemini and Defendants by letter dated February 9, 2010, yet to date no payment has been made.

15. In a letter to Gemini dated March 24, 2010, GEBFS also revoked Gemini's license to collect rents, income and other amounts ("*Rents*") derived from leases or other occupancy agreements regarding the Project. Since Gemini's default, Gemini has not paid to GEBFS any Rents received by Gemini.

16. As a result of these Events of Default and the failure of Gemini to satisfy the Guaranteed Amount Termination Conditions, in a letter to Defendants dated May 3, 2010 (the

"*Demand Letter*"), GEBFS demanded payment from Defendants by June 2, 2010 of all Retained Liabilities for which Defendants are jointly and severally personally liable under the Limited Joinder. GEBFS did not and has not received payment of the Retained Liabilities from Defendants. A copy of the Demand Letter is attached as Exhibit 5.

17. In a letter to Defendants dated June 7, 2010 (the "*Subsequent Notice*"), GEBFS notified Defendants that: (i) Defendants failed to pay the Retained Liabilities pursuant to the Demand Letter; and (ii) GEBFS reserved the right to take any action allowed under the Loan Documents, at law or in equity to recover the amount of the Retained Liabilities without further notice to Defendants. A copy of the Subsequent Notice is attached as Exhibit 6.

## COUNT I - BREACH OF LIMITED JOINDER
### (AGAINST ALL DEFENDANTS)

18. GEBFS repeats and realleges the allegations set forth in Paragraphs 1 through 17 as though fully set forth in this Count.

19. The Limited Joinder is a valid and enforceable written contract.

20. Pursuant to the Limited Joinder, GEBFS is entitled to recover from Defendants, jointly and severally, the Retained Liabilities. GEBFS demanded payment of the Retained Liabilities in the Demand Letter sent to Defendants. To date, Defendants have failed to pay the Retained Liabilities to GEBFS.

21. All conditions precedent to GEBFS's recovery for the claim asserted herein have occurred or have been performed.

**WHEREFORE**, GEBFS respectfully requests that the Court enter a judgment in its favor and against Defendants:

a. finding Defendants jointly and severally liable for an amount to be determined at trial and in excess of $75,000 for all Retained Liabilities and other amounts due and owing under the Limited Joinder;

b. awarding GEBFS pre- and post-judgment interest;

c. awarding GEBFS its attorneys' fees, costs and expenses, including Court costs; and

d. granting such additional and further relief as it deems just and appropriate.

Dated: June 10, 2010

Respectfully submitted,

**GE BUSINESS FINANCIAL SERVICES INC.**

By: /s/ Dawn M. Canty
One of Its Attorneys

Dawn M. Canty
Heather Kuhn O'Toole
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe
Chicago, Illinois 60661
Telephone: (312) 902-5200

Daniel J. King
John F. Isbell
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 572-4600

*Attorneys for GE Business Financial Services Inc.*