# EXHIBIT 4

## PROMISSORY NOTE
## (B NOTE)

U.S. $2,810,514.00                                                    As of February 14, 2007

## RECITALS

A.       Gemini Youngsville Crossing, LLC, a Delaware limited liability company ("**Borrower**"), having an address of 16740 Birkdale Commons Parkway, Suite 301, Huntersville, North Carolina 28078, and  MERRILL LYNCH CAPITAL, a Division of Merrill Lynch Business Financial Services Inc., a Delaware corporation, and its successors and assigns (collectively, "**Lender**") entered into that certain Loan Agreement of even date herewith (the "**Loan Agreement**").

B.       This Promissory Note (this "**Note**") is made by Borrower to evidence a portion of the Loan and is secured by, among other things, that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing of even date herewith (the "**Mortgage**") encumbering, among other things, the property commonly described as Youngsville Crossing (the "**Property**").  Except as otherwise set forth herein, payment of this Note is governed by the Loan Agreement, the terms of which are incorporated herein by express reference as if fully set forth herein.  Capitalized terms used and not otherwise defined herein shall have the meanings given to them in the Loan Agreement.

C.       Concurrently with the execution of this Note, Borrower has executed and delivered to Lender that certain Promissory Note (A Note) (the "**A Note**") in the original principal amount of Fifteen Million Fourteen Thousand Four Hundred Eighty Six and 00/100 Dollars ($15,014,486.00) (the "**A Loan**").  The indebtedness evidenced by the B Note and the obligations created thereby also are secured by the Mortgage and the other Loan Documents. Lender has been engaged as collateral agent on behalf of the holders of the Note and the A Note to administer the documents and collateral securing this Note and the A Note.

**THEREFORE, FOR VALUE RECEIVED**, Borrower hereby promises to pay to the order of Lender the original principal amount of Two Million Eight Hundred Ten Thousand Five Hundred Fourteen and 00/100 ($2,810,514.00) or so much thereof as may be advanced from time to time, together with all other amounts added thereto pursuant to this Note or otherwise payable to Lender under the Loan Documents, including any Exit Fee, together with interest from the date hereof on the balance of principal from time to time outstanding, in United States currency, at the rates and at the times hereinafter described.  Payments shall be made to Lender, c/o LaSalle Bank National Association, P.O. Box 4671, Chicago, IL 60674-4671 (or such other address as Lender may hereinafter designate in writing to Borrower).

1.       **Interest and Monthly Payments.**  All interest and principal shall be paid at the times and in the amounts as required by the Loan Agreement.  If not sooner due and payable, the entire indebtedness evidenced by this Note shall be due and payable on the Maturity Date, or any earlier date on which such indebtedness may become due, whether by acceleration or otherwise.

– 1 –

2. **Prepayment**. This Note may be prepaid as provided in Section 2.4 of the Loan Agreement.

3. **Default**. Upon the occurrence of an Event of Default the unpaid balance of the principal amount of this Note, together with all accrued and unpaid interest thereon, may become, or may be declared to be, due and payable in the manner, upon the conditions and with the effect provided in the Loan Agreement.

4. **General Provisions**.

(a) Writing. This Note may not be terminated or amended orally, but only by a termination signed by Lender or amendment in writing signed by Borrower.

(b) Security, Application of Payments. This Note is secured by the liens, encumbrances and obligations created hereby and by the other Loan Documents and the terms and provisions of the other Loan Documents are hereby incorporated herein. Payments will be applied, at Lender's option, first to any fees, expenses or other costs Borrower is obligated to pay under this Note or the other Loan Documents, second to interest due on this Note, third to outstanding principal balance of this Note, and fourth to the Exit Fee.

(c) Binding on Successors; Joint and Several. This Note and all provisions hereof shall be binding upon Borrower and all persons claiming under or through Borrower, and shall inure to the benefit of Lender, together with its successors and assigns, including each owner and holder from time to time of this Note. The obligations of Borrower under the Note shall be joint and several obligations of Borrower and of each Borrower, if more than one, and of each Borrower's heirs, personal representatives, successors and assigns. Except as set forth in the Loan Documents, to the contrary, the liability of the Borrower under this Note and Loan Documents shall be limited to the assets of the Borrower and its interest in the Project, including the rents, issues, proceeds and profits thereof and in no event shall any members, directors, officers, employees, affiliates, or agents of Borrower have any liability under, nor shall a judgment against the same be sought.

(d) Time of Essence. Time is of the essence as to all dates set forth herein.

(e) Costs and Expenses. Borrower promises and agrees to pay, in addition to the principal, interest and other sums due and payable hereon, all costs of collecting or attempting to collect this Note, including all attorneys' fees and disbursements, as described in Article 9 of the Loan Agreement.

(f) Governing Law; Severability. THIS NOTE SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF ILLINOIS (WITHOUT REGARD TO CONFLICTS OF LAW PRINCIPLES), AND ANY APPLICABLE LAWS OF THE UNITED STATES OF AMERICA. THE INVALIDITY, ILLEGALITY OR UNENFORCEABILITY OF ANY PROVISION OF THIS NOTE SHALL NOT AFFECT OR IMPAIR THE VALIDITY, LEGALITY OR ENFORCEABILITY OF THE REMAINDER OF THIS NOTE, AND TO THIS END, THE PROVISION OF THIS NOTE ARE DECLARED TO BE SEVERABLE.

BO1 15806696.3 / 37050-000001

(g)     Notices.  Notices shall be given under this Note in conformity with the terms and conditions of the Loan Agreement.

*[Signature appears on the following page.]*

Borrower has delivered this Note as of the day and year first set forth above.

**BORROWER:**

GEMINI YOUNGSVILLE CROSSING, LLC,
a Delaware limited liability company

By:   Gemini Youngsville Crossing Manager, LLC,
      a North Carolina limited liability company,
      its Manager

By:   Gemini Real Estate Advisors, LLC,  a
      Delaware limited liability company, Manager

By: _____
                 Manager

- 4 -