# EXHIBIT 5



Real Estate

500 W. Monroe Street
Chicago, IL 60661
USA

T +1 312 441 7000

May 3, 2010

**VIA OVERNIGHT COURIER AND UNITED STATES CERTIFIED MAIL**

Mr. Dante Massaro
12829 Shamley Court
Huntersville, NC 28078

Mr. William Obeid
71 W. 12th Street, Unit 6H
New York, New York 10011

Mr. Atit Jariwala
158 Seventh Ave., South
New York, NY 10014

Mr. Christopher LaMack
142 Preserve Way
Mooresville, NC 28117

Re: $17,825,000 Loan (the "Loan") by GE Business Financial Services Inc. (f/k/a Merrill Lynch Capital, a division of Merrill Lynch Business Financial Services Inc.) ("Lender") to Gemini Youngsville Crossing, LLC, a Delaware limited liability company ("Borrower"), regarding Youngsville Crossing Shopping Center, U.S. Highway 1, Town of Youngsville, Franklin County, North Carolina (the "Project"), evidenced by Loan Agreement between Borrower and Lender dated February 14, 2007 (the "Loan Agreement")

**NOTICE CONCERNING BORROWER'S DEFAULT AND ENFORCEMENT OF GUARANTEED OBLIGATIONS**

Gentlemen,

Reference is hereby made to the following identified instruments and agreements:

1. The Loan Agreement, together with that certain Limited Joinder (the "Joinder") attached thereto and executed by William Obeid, Christopher LaMack, Dante Massaro, and Atit Jariwala (each a "Guarantor" and collectively, the "Guarantors") in favor of Lender;

2. Promissory Note (A Note) ("A Note") dated February 14, 2007 in the original principal face amount of $15,014,486.00 made by Borrower to the order of Lender;

3. Promissory Note (B Note) ("B Note") dated February 14, 2007 in the original principal face amount of $2,810,514.00 made by Borrower to the order of Lender (the A Note and the B Note being hereinafter collectively referred to as the "Notes");

4. Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of February 14, 2007, given by Borrower to Charles Clement, Attorney, as trustee for the benefit of Lender and recorded in Book 1603, at pages 954 et seq., in the Office of the Register of Deeds for Franklin County, North Carolina (the "Registry"), as modified by that

ATL_IMANAGE-6913347.3

certain Corrective or Scrivener's Affidavit for Notice of Typographical or Other Minor Error dated as of November 3, 2009 and recorded in Book 1754, at pages 398 et seq., in the Registry, that certain Substitution of Trustee dated as of November 12, 2009 and recorded in Book 1754, at pages 424 et seq., in the Registry, and that certain Substitution of Trustee dated as of March 10, 2010 and recorded in Book 1766, at pages 800 et seq., in the Registry (collectively, as modified, the "Deed of Trust");

5. Performance and Completion Guaranty dated as of February 14, 2007, executed by each Guarantor in favor of Lender (the "Guaranty"); and

6. Amendatory Agreement (the "Amendatory Agreement") dated as of November 12, 2009, executed by Borrower and Lender and recorded in Book 1754, at pages 426 et seq., in the Registry.

The Loan Agreement, the Joinder, the Notes, the Deed of Trust, the Guaranty, the Amendatory Agreement and all other "Loan Documents" (as defined in the Loan Agreement) are sometimes herein collectively called the "Loan Documents". Capitalized terms used but not otherwise defined herein shall have the meanings given such terms in the Loan Agreement.

Reference is also made to that certain Letter, dated January 19, 2010, from Lender to the Borrower and the Guarantors (the "Default Notice"), that certain Letter, dated February 9, 2010, from Lender to the Borrower and the Guarantors (the "Acceleration Notice"), and that certain Letter, dated March 24, 2010, from Lender to the Borrower and the Guarantors (the "Revocation of License to Collect Rents").

Pursuant to the Default Notice and the Acceleration Notice, Lender has previously notified you that certain Events of Default under the Loan Documents have occurred, that Lender has accelerated the maturity of the indebtedness evidenced and secured by the Loan Documents, that the entirety of such indebtedness is due and payable to Lender, and that Lender has demanded, and hereby reiterates its demand for, immediate payment thereof in full. Pursuant to the Revocation of License to Collect Rents, Lender has previously revoked Borrower's license to enforce the Leases and collect and retain the Rents.

**In accordance with the Loan Documents, and without waiver of any rights or remedies which Lender may have at law, in equity or otherwise, Lender hereby notifies Guarantors again of the foregoing and demands from Guarantors full payment on or before June 2, 2010 of all Retained Liabilities for which Guarantors are jointly and severally personally liable under the Limited Joinder. The Retained Liabilities include, but are not limited to: (i) repayment of the Guaranteed Amount, and (ii) all losses, damages, causes of action, suits and Expenses incurred by Lender as a result of (A) any failure during an ongoing default to apply any portion of the revenue of the Project to the Loan as required per the Loan Agreement or to customary operating expenses of the of the Project, (B) misapplication, misappropriation or conversion of any rents, proceeds or funds deriving from the Project, and (C) any fees paid to a Principal or any Affiliate after any default under the Loan Documents.**

**Lender further demands an immediate and prompt accounting of the use of all cash flow generated by the Project from and after April 1, 2010.**

Lender may also exercise any and all of its other rights and remedies under the Loan Documents, at law or in equity, including, without limitation, the right (i) to have a receiver appointed, and (ii) to exercise the power of sale foreclosure remedy granted it pursuant to the Deed of Trust. The exercise by Lender of any of its rights and remedies under any of the Loan Documents, including the Limited Joinder, at law, in equity or otherwise shall not be deemed a waiver of or preclude the exercise of any of its other rights and remedies under any of the Loan Documents, including the Limited Joinder, or any rights or remedies that Lender may have at law, in equity or otherwise, Lender expressly reserving unto itself all such rights and remedies.

To the extent Borrower or any Guarantor has made, or hereafter makes, any partial payments on the amounts due and payable to Lender under the Loan Documents, such payments will not cure the Events of Default described herein or in the Demand Notice or the Acceleration Notice, nor other potential Events of Default under the Loan Documents. Further, Lender's application of any such payments: (i) does not waive any right or remedy of Lender, which Lender may exercise at any time, (ii) waive the acceleration of the maturity of the Loan or reinstate the Loan to its terms and conditions immediately prior to such acceleration, and (iii) does not mean that Lender has agreed to accept such payments in the future or to forbear from exercising its rights and remedies under the Loan Documents, at law or in equity.

Please govern yourselves accordingly.

Sincerely yours,

GE BUSINESS FINANCIAL SERVICES INC.

BY: *Ingrid Carlino*
Authorized Signatory

ATL_IMANAGE-6913347.3