# EXHIBIT 6



GE
Real Estate

500 W. Monroe Street
Chicago, IL 60661
USA

T +1 312 441 7000

June 7, 2010

## VIA OVERNIGHT COURIER AND UNITED STATES CERTIFIED MAIL

Mr. Dante Massaro
12829 Shamley Court
Huntersville, NC 28078

Mr. William Obeid
71 W. 12th Street, Unit 6H
New York, New York 10011

Mr. Atit Jariwala
158 Seventh Ave., South
New York, NY 10014

Mr. Christopher LaMack
142 Preserve Way
Mooresville, NC 28117

Re: $17,825,000 Loan (the "Loan") by GE Business Financial Services Inc. (f/k/a Merrill Lynch Capital, a division of Merrill Lynch Business Financial Services Inc.) ("Lender") to Gemini Youngsville Crossing, LLC, a Delaware limited liability company ("Borrower"), regarding Youngsville Crossing Shopping Center, U.S. Highway 1, Town of Youngsville, Franklin County, North Carolina (the "Project"), evidenced by the Loan Agreement between Borrower and Lender dated February 14, 2007 (the "Loan Agreement") and the Limited Joinder (the "Joinder") attached to the Loan Agreement and executed by William Obeid, Christopher LaMack, Dante Massaro, and Atit Jariwala (each a "Guarantor" and collectively, the "Guarantors")

## NOTICE CONCERNING BORROWER'S DEFAULT AND ENFORCEMENT OF GUARANTEED OBLIGATIONS

Gentlemen:

Reference is hereby made to that certain Letter, dated January 19, 2010, from Lender to the Borrower and the Guarantors (the "Default Notice"), that certain Letter, dated February 9, 2010, from Lender to the Borrower and the Guarantors (the "Acceleration Notice"), that certain Letter, dated March 24, 2010, from Lender to the Borrower and the Guarantors (the "Revocation of License to Collect Rents"), and that certain Letter, dated May 3, 2010, from Lender to the Guarantors (the "Guarantor Demand Notice"). Capitalized terms used but not otherwise defined herein shall have the meanings given such terms in the Guarantor Demand Notice.

Mr. Dante Massaro, et al.
June 7, 2010
Page 2

Pursuant to the Default Notice and the Acceleration Notice, Lender has previously notified you that certain Events of Default under the Loan Documents have occurred, that Lender has accelerated the maturity of the indebtedness evidenced and secured by the Loan Documents, that the entirety of such indebtedness is due and payable to Lender, and that Lender has demanded, and hereby reiterates its demand for, immediate payment thereof in full. Pursuant to the Revocation of License to Collect Rents, Lender has previously revoked Borrower's license to enforce the Leases and collect and retain the Rents.

Pursuant to the Guarantor Demand Notice, Lender demanded, among other things, full payment on or before June 2, 2010 of all Retained Liabilities for which Guarantors are jointly and severally personally liable under the Limited Joinder. The Retained Liabilities include, but are not limited to: (i) repayment of the Guaranteed Amount, and (ii) all losses, damages, causes of action, suits and Expenses incurred by Lender as a result of (A) any failure during an ongoing default to apply any portion of the revenue of the Project to the Loan as required per the Loan Agreement or to customary operating expenses of the of the Project, (B) misapplication, misappropriation or conversion of any rents, proceeds or funds deriving from the Project, and (C) any fees paid to a Principal or any Affiliate after any default under the Loan Documents.

As you know, Guarantors failed to pay to Lender the amount of all Retained Liabilities on or before June 2, 2010. Lender hereby demands immediate payment in full of such amounts. Lender hereby notifies Guarantors that Lender may exercise without further notice to Guarantors any and all rights and remedies available to Lender under the Loan Documents, at law or in equity due to Guarantors' failure to pay said amounts.

Lender may also exercise any and all of its other rights and remedies under the Loan Documents, at law or in equity, including, without limitation, the right (i) to have a receiver appointed, and (ii) to exercise the power of sale foreclosure remedy granted it pursuant to the Deed of Trust. The exercise by Lender of any of its rights and remedies under any of the Loan Documents, including the Limited Joinder, at law, in equity or otherwise shall not be deemed a waiver of or preclude the exercise of any of its other rights and remedies under any of the Loan Documents, including the Limited Joinder, or any rights or remedies that Lender may have at law, in equity or otherwise, Lender expressly reserving unto itself all such rights and remedies.

To the extent Borrower or any Guarantor has made, or hereafter makes, any partial payments on the amounts due and payable to Lender under the Loan Documents, such payments will not cure the Events of Default described herein or in the Demand Notice, the Acceleration Notice, the Guarantor Demand Notice or other potential Events of Default under the Loan Documents. Further, Lender's application of any such payments: (i) does not waive any right or remedy of Lender, which Lender may exercise at any time, (ii) waive the acceleration of the maturity of the Loan or reinstate the Loan to its terms and conditions immediately prior to such acceleration, and (iii) does not mean that Lender has agreed to accept such payments in the future or to forbear from exercising its rights and remedies under the Loan Documents, at law or in equity.

Please govern yourselves accordingly.

Case 1:10-cv-03617   Document 1-8   Filed 06/10/10   Page 4 of 8

Mr. Dante Massaro, et al.
June 7, 2010
Page 3

Sincerely yours,

GE BUSINESS FINANCIAL SERVICES INC.

BY: _*Ingrid Carlian*_ (signature)
     Authorized Signatory


**Merrill Lynch**

LOAN AGREEMENT

for a loan in the amount of

$17,825,000.00

MADE BY AND BETWEEN

Gemini Youngsville Crossing, LLC
a Delaware limited liability company

As "Borrower"

AND

MERRILL LYNCH CAPITAL,
a Division of Merrill Lynch Business Financial Services Inc.,
a Delaware corporation
222 North LaSalle Street – 16th Floor
Chicago, Illinois 60601

As "Lender"

Youngsville Crossing

Intersection of US Highway 1 and NC Highway 96
in the City of Youngsville, County of Franklin,
State of North Carolina

Dated as of February 14, 2007

TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| ARTICLE 1 | INCORPORATION OF RECITALS, EXHIBITS AND SCHEDULES | | 2 |
| | 1.1 | INCORPORATION OF RECITALS. | 2 |
| | 1.2 | INCORPORATION OF EXHIBITS AND SCHEDULE. | 2 |
| | 1.3 | DEFINITIONAL PROVISIONS. | 2 |
| ARTICLE 2 | LOAN AND LOAN DOCUMENTS | | 2 |
| | 2.1 | CONDITIONS PRECEDENT TO INITIAL CLOSING. | 2 |
| | 2.2 | DISBURSEMENTS. | 2 |
| | 2.3 | TERM OF THE LOAN. | 9 |
| | 2.4 | PREPAYMENTS. | 9 |
| | 2.5 | INTEREST. | 10 |
| | 2.6 | MONTHLY PAYMENTS. | 10 |
| | 2.7 | EXIT FEE. | 11 |
| | 2.8 | DEFAULT INTEREST AND LATE CHARGE. | 11 |
| | 2.9 | ALLOCATION OF PAYMENTS. | 12 |
| | 2.10 | RELEASE PROVISIONS. | 12 |
| ARTICLE 3 | FINANCIAL REPORTING COVENANTS | | 14 |
| | 3.1 | FINANCIAL INFORMATION REPORTING. | 14 |
| | 3.2 | FINANCIAL INFORMATION FORM AND EXAMINATION. | 15 |
| ARTICLE 4 | OPERATIONAL AND OTHER COVENANTS | | 15 |
| | 4.1 | LEASING AND OPERATIONAL COVENANTS. | 15 |
| | 4.2 | OTHER BORROWER COVENANTS. | 20 |
| | 4.3 | AUTHORIZED REPRESENTATIVE. | 25 |
| | 4.4 | PRINCIPAL'S NET WORTH AND LIQUIDITY. | 26 |
| ARTICLE 5 | BORROWER'S REPRESENTATIONS AND WARRANTIES | | 26 |
| | 5.1 | BORROWER'S REPRESENTATIONS AND WARRANTIES. | 26 |
| ARTICLE 6 | ENVIRONMENTAL MATTERS | | 30 |
| | 6.1 | ENVIRONMENTAL REPRESENTATIONS AND WARRANTIES. | 30 |
| | 6.2 | ENVIRONMENTAL COVENANTS. | 31 |
| | 6.3 | RIGHT OF ENTRY AND DISCLOSURE OF ENVIRONMENTAL REPORTS. | 32 |
| | 6.4 | ENVIRONMENTAL INDEMNITOR'S REMEDIAL WORK. | 33 |
| | 6.5 | ENVIRONMENTAL INDEMNITY. | 34 |
| | 6.6 | REMEDIES UPON AN ENVIRONMENTAL DEFAULT. | 35 |
| | 6.7 | UNCONDITIONAL ENVIRONMENTAL OBLIGATIONS. | 35 |
| | 6.8 | ASSIGNMENT OF ENVIRONMENTAL OBLIGATIONS PROHIBITED. | 36 |
| | 6.9 | INDEMNIFICATION SEPARATE FROM THE LOAN. | 36 |
| ARTICLE 7 | CASUALTIES AND CONDEMNATION | | 36 |
| | 7.1 | LENDER'S ELECTION TO APPLY INSURANCE PROCEEDS ON INDEBTEDNESS. | 36 |

    7.2    BORROWER'S OBLIGATION TO REBUILD AND USE OF INSURANCE PROCEEDS THEREFOR. ...37
ARTICLE 8    EVENTS OF DEFAULT AND REMEDIES ...38
    8.1    EVENTS OF DEFAULT. ...38
    8.2    REMEDIES CONFERRED UPON LENDER. ...39
ARTICLE 9    LOAN EXPENSE, COSTS AND ADVANCES ...40
    9.1    LOAN AND ADMINISTRATION EXPENSES. ...40
    9.2    RIGHT OF LENDER TO MAKE ADVANCES TO CURE BORROWER'S DEFAULTS. ...41
    9.3    INCREASED COSTS. ...41
    9.4    BORROWER WITHHOLDING. ...41
    9.5    DOCUMENT AND RECORDING TAX INDEMNIFICATION. ...42
ARTICLE 10    ASSIGNMENTS BY LENDER AND DISCLOSURE ...42
    10.1    ASSIGNMENTS AND PARTICIPATIONS. ...42
    10.2    DISCLOSURE OF INFORMATION AND CONFIDENTIALITY. ...42
ARTICLE 11    GENERAL PROVISIONS ...43
    11.1    CAPTIONS. ...43
    11.2    WAIVER OF JURY TRIAL. ...43
    11.3    JURISDICTION. ...44
    11.4    GOVERNING LAW. ...44
    11.5    LAWFUL RATE OF INTEREST. ...44
    11.6    MODIFICATION; CONSENT. ...45
    11.7    WAIVERS; ACQUIESCENCE OR FORBEARANCE NOT TO CONSTITUTE WAIVER OF LENDER'S REQUIREMENTS. ...45
    11.8    DISCLAIMER BY LENDER. ...46
    11.9    PARTIAL INVALIDITY; SEVERABILITY. ...46
    11.10    DEFINITIONS INCLUDE AMENDMENTS. ...47
    11.11    EXECUTION IN COUNTERPARTS. ...47
    11.12    ENTIRE AGREEMENT. ...47
    11.13    WAIVER OF DAMAGES. ...47
    11.14    CLAIMS AGAINST LENDER. ...47
    11.15    SET-OFFS. ...48
    11.16    RELATIONSHIP. ...48
    11.17    AGENTS. ...48
    11.18    INTERPRETATION. ...48
    11.19    SUCCESSORS AND ASSIGNS. ...48
    11.20    TIME IS OF THE ESSENCE. ...49
    11.21    NOTICES. ...49
    11.22    ATTORNEY'S FEES. ...50
LEGAL DESCRIPTION ...7

LIST OF EXHIBITS AND SCHEDULES TO LOAN AGREEMENT

| | |
|---|---|
| Joinder | Principal's Limited Joinder |
| Exhibit A | Legal Description of Land |
| Exhibit B | Construction Budget |
| Exhibit C | Construction Completion Schedule |
| Exhibit D | Projected Net Proceeds |
| Exhibit E | Insurance Requirements |
| Exhibit F | Environmental Documents |
| Exhibit G | Litigation |
| Exhibit H | Governmental Approvals |
| Exhibit I | Members of Borrower |
| Exhibit J | Members of Managing Member |
| Exhibit K | Form of SNDA |
| Exhibit L | Owner's Statement |
| Exhibit M | Disbursement Requisition |
| Schedule I | Definitions |